RECEIVED
CHARLOTTE N.C.

JUN 2 8 ...

Clerk. U. S. Dist. Court
W. Dist. of N. C.

FILED
CHARLOTTE, N. C.

JUL - 5 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Civil Action No. 3:04CV521

| | | |
|---|---|---|
| BRENDA E. WYKLE and husband, <br> ROBIN WYKLE, | ) <br> ) <br> ) | |
| Plaintiffss, | ) <br> ) <br> ) | |
| v. | ) <br> ) | **CONSENT PROTECTIVE ORDER** |
| BIG LOTS STORES, INC., | ) <br> ) <br> ) | |
| Defendant. | ) | |

Upon motion of the defendant for a protective order, pursuant to Fed.R.Civ.P. 26 and Local Rule 5.1 (W.D.N.C.), and with the consent of the plaintiffs, and it appearing that documents, information, and testimony will be sought or exhibited by the plaintiffs, which such documents, information, and testimony relate to defendant's confidential proprietary commercial information, the plaintiffs and defendant have entered into this Consent Protective Order to protect the confidentiality of this information.

By consent, IT IS HEREBY ORDERED THAT:

### DESIGNATION OF CONFIDENTIAL INFORMATION

1. Confidential business information is information which concerns or relates to financial or other commercial proprietary information of such a nature as to be protectable under Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Confidential Information").

2. In the absence of written permission from the defendant or an Order by the Court, Confidential Information marked "Confidential" by defendant shall not be disclosed to any person other than: (i) the Court, and the employees thereof; (ii) the jury, if any; (iii) court

reporters and stenographers engaged for the taking of deposition testimony or other discovery in this litigation; (iv) the parties and their counsel in this lawsuit (including secretarial, paralegal and clerical personnel assisting such counsel); (v) experts and their staff who are employed for the purposes of this litigation; and (vi) deponents or prospective trial witnesses, who may see transcriptions of their own testimony and may see documents related to Confidential Information about which they potentially have personal knowledge. Before such disclosure, the plaintiffs' experts (non-testifying and testifying) and deponents or prospective trial witnesses described above shall agree to abide by the terms of this Consent Protective Order by signing an undertaking in the form attached hereto as Exhibit A, a copy of which shall be retained by counsel for the plaintiffs.

3.     All Confidential Information shall be used solely for the purposes of this litigation.

4.     Any documents, information, or testimony submitted either in response to discovery requests or pursuant to this or any other Order in this matter, which documents, information, or testimony is asserted by defendant to contain or constitute information relating to confidential proprietary and/or commercial information, may be so designated by defendant in writing, or orally at deposition, and shall be segregated from other information being submitted. All such documents or transcriptions of such testimony shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL."

5.     If plaintiffs receive any documents, information, or testimony submitted and/or designated as confidential in accordance with paragraphs 1 - 4 above, and disagree with respect to such designation, in full or in part, they shall notify defendant in writing, and the two Parties shall thereupon confer as to the status of the subject documents, information, or testimony

GBO 662447v3

proffered within the context of this Order. If prior to or at the time of such conference the defendant withdraws its designation of such documents, information, or testimony as being subject to this Order, but nonetheless produces such documents, information, or testimony for purposes of this litigation, defendant shall express the withdrawal in writing and serve such withdrawal upon plaintiffs. If the parties are unable to concur upon the status of the subject documents, information, or testimony within thirty calendar days from the date of notification of such disagreement, plaintiffs may thereafter file a motion to compel with the Court for consideration of whether the documents, information, or testimony are entitled to confidentiality pursuant to the Federal Rules of Civil Procedure.

6. If confidential documents, information, or testimony are disclosed by plaintiffs to any person other than in the manner authorized by this Consent Protective Order, plaintiffs must immediately bring all pertinent facts relating to such disclosure to the attention of defendant, and, without prejudice to other rights and remedies of the defendant, make every reasonable effort to prevent further disclosure by them or by the person who was the recipient of such information.

7. Any confidential information which is filed with the Court (in any form whatsoever) shall be filed in a sealed envelope on which shall be marked the case caption, case number, and the notation that the material is being filed under seal with the entry date of this Order. Said envelope shall not be opened without further Order of the Court except by the Court or inspecting counsel who, after same is opened, shall return the document to the Clerk in a sealed envelope identified in the manner stated above.

8. Plaintiffs shall not be obligated to challenge the propriety of any confidential designation and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation.

9.    Nothing shall prevent general disclosure beyond the terms of this Order if defendant consents in writing in advance to such disclosure, or if the Court, after notice to all Parties, authorizes such disclosure.

10.    Nothing in the foregoing provisions of this Consent Protective Order shall be deemed to preclude defendant from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as defendant may consider appropriate.

11.    Upon completion of this litigation, plaintiffs and all persons who are subject to this Consent Protective Order shall continue to treat all items containing confidential information or documents, information, or testimony designated as "Confidential" in accordance with the terms of this Order, and plaintiffs shall return all such materials and copies thereof to counsel for defendant.

12.    The final disposition of all matters governed by the terms of the Consent Protective Order in this case are subject to final disposition by the Court.

SO ORDERED, this 21st day of June, 2005.

Graham C. Mullen
Chief United States District Court Judge

GBO 662447v3

CONSENTED TO:

J. Boyce Garland, Jr., Esq.
N.C. State Bar No. 14182
Attorney for Plaintiffs
P. O. Box 1657
Gastonia, North Carolina 28053
(704) 867-1113


Peter G. Pappas
N.C. State Bar No. 10464
James W. Bryan
N.C. State Bar No. 16575
Attorneys for Defendant

OF COUNSEL:
NEXSEN PRUET ADAMS KLEEMEIER, PLLC
Lake Point
701 Green Valley Road, Suite 100
Post Office Box 3463
Greensboro, NC 27402
(336) 373-1600

5

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:04CV521**

| | |
|---|---|
| **BRENDA E. WYKLE and husband,**<br>**ROBIN WYKLE,**<br><br>     **Plaintiffss,**<br><br>    **v.**<br><br>**BIG LOTS STORES, INC.,**<br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)    **UNDERTAKING**<br>)<br>)<br>)<br>) |

_____, being duly sworn, states

I have read the Consent Protective Order dated _____ regarding the protection of confidential information in the captioned civil action.

I agree to abide by and be bound by the terms of said Order.

I acknowledge receipt of a copy of said Order.

_____

Sworn to and subscribed before me
this the \_\_\_\_\_ day of _____, 2005.

_____
Notary Public

My Commission Expires: _____

GBO 662447v3